*Nathan R. Crippen, Jun.* v. *Nathan R. Crippen et al.—*
*The same* v. *Isaac W. Thompson et al.* This was an appli-
*Costs. What items are taxa-ble.* cation on the part of I. W. Thompson, one of the defendants,
for the retaxation of the costs of the complainant's solicitor.
An original bill in the first entitled cause was filed against the
defendants therein to obtain an injunction restraining pro-
ceedings at law and to obtain a specific performance of an
agreement between the complainant and N. R. Crippen his
father and the defendants. In the progress of that suit, the
complainant's bill was found to be defective, and it became
necessary to make an application to amend the bill, and to
obtain a new injunction thereon. And many other services
were performed by the complainant's solicitor in the progress
of the suit, which were properly taxable as between the soli-
citor and his client, but which would not have been taxable as
against the defendants upon a general decree for costs in fa-
vor of the complainants against them. N. R. Crippen died
subsequent to the filing of the amended bill, and it then be-
came necessary to file the bill in the secondly entitled cause
as a bill of revivor and supplement. The parties afterwards
agreed to compromise the suits upon payment of the costs.—
And one question was whether by the agreement the defend-
ant Thompson was bound to pay the costs due from the com-

plainant to his solicitor and taxable as between solicitor and client or the costs which would have been taxable as between party and party upon a decree for costs in favor of the complainant. The vice chancellor to whom the bills of costs were presented for taxation taxed the costs as between solicitor and client. And as to all the items which were not properly taxable as between party and party, the counsel for Thompson objected, and asked a retaxation. He also objected to various other items in the bill as not taxable even as between solicitor and client.

O. L. BARBOUR and O. F. THOMPSON, for defendant;

B. F. AGAN and A. C. PAIGE, for complainant.

THE CHANCELLOR. The question whether the costs to be paid under the agreement were the taxable costs as between the complainant's solicitor and his client, or the taxable costs as between party and party, was one which it was no part of the duty of the taxing officer to decide; as the costs were not taxed under any order or decree of the court, but merely for the purpose of enabling the parties to carry into effect their agreement. If the complainant's solicitor therefore had asked to have these bills of costs taxed as between solicitor and client the vice chancellor should have so taxed them; stating in his certificate of taxation, that they were taxed as between solicitor and client, and not as between party and party. He should also have taxed them in that way; stating in his certificates of taxation the amounts of the respective bills in each mode of taxing them. This would have enabled the proper tribunal before which the question might afterwards come for a decision, to determine whether the one amount or the other was payable under the stipulation to compromise the suits.— I shall not therefore attempt to determine the question upon this appeal from the taxation, and upon conflicting affidavits, as to what that stipulation was, or whether the defendant is or is not bound to pay all the taxable costs for which the complainant is liable to his solicitor. The case would be different if the costs were payable under an order or decree of the court, where it was necessary to give a construction to such order or decree for the purpose of ascertaining what

amount of costs were to be paid, and to enable the court to enforce a compliance with such order or decree. I shall, therefore, proceed to ascertain what items in the bill of costs objected to and allowed by the taxing officer, notwithstanding such objections, were properly taxable either one way or the other.

It was objected that the costs in the original suit and upon the bill of revivor and supplement should all have been included in one bill of costs, so as to save the expense of double charges for separate bills of costs, notices of taxation, &c. It is unnecessary to consider that question here, as one of these bills embraces the costs upon appeal, as to which this court has decided that a separate bill of costs may be made out and taxed. And the result is the same to the defendant, whether the whole costs are taxed in these two bills, in the form in which they were presented to the taxing officer, or the costs upon the appeal only are embraced in one bill, and all the residue of the charges are included in the other.

In the first bill, the charges for copies of will, deed and mortgage, to be annexed to draft of bill are not taxable, as they are charged and allowed in the engrossment and copies of the bill and schedules. And copies of schedules to be annexed to the draft are wholly useless. The original matter in the amended bill and affidavits annexed is only 48 folios instead of 141 as charged, and the remaining 93 folios should not have been taxed as for a draft, it being merely copied from the original bill; and the charge for schedules annexed to the draft should also have been disallowed. The charge for engrossing points was improper and should have been disallowed, and the copies are over charged. The copy of amended bill to serve, after the amendment had been allowed, and the amended bill filed was necessary and properly taxable. But a second copy to keep should not have been taxed, as the copy charged before the bill was amended was all that was necessary. With these deductions, the charges as taxed by the vice chancellor, from the charge for the draft of the proposed amended bill down to the notice of the argument of the demurrer to the amended bill at the August term 1843,

are properly taxable as between solicitor and client. But none of those charges would have been properly allowable as between party and party, as they were all rendered necessary in consequence of the neglect of the complainant to furnish his solicitor and counsel with all the necessary information to enable them to draw the original bill right in the first instance.

The charge for attending at the August term in 1842, to argue the demurrer to the amended bill, was not taxable, as no allowance is made by the fee bill in this court for attending to argue a cause when it is not reached. And the charge for solicitor's fee on order to refer the cause when it was referred by the court upon calling over the calendar for that purpose, was not taxable. Nor is the solicitor entitled to charge for the proposed decree to be entered upon the argument of a demurrer. That is only necessary or proper where there is something special in the case requiring a draft of the decree which the solicitor supposes his client entitled to; for the purpose of enabling the court to determine the relief which it may be proper to grant. But no such information is necessary on the argument of a demurrer; as the demurrer is disallowed of course and the defendant is required to answer the bill if the complainant succeeds upon the argument. The charge for the solicitor and counsel fee at November term 1842, was also improperly allowed, as the case was not argued, and the charge is too much even if the demurrer had been argued at that time. The charges for copies of bill of costs and for the taxation are all too high; as the sums charged are only allowable after a decree in the cause. But here had been no decree, and these services should therefore have been taxed at the lower rate as fixed by the fee bill before decree. The charge for the engrossment of the amended bill was properly rejected by the taxing officer; as he had allowed for an engrossment of the proposed amended bill, and that was all that was necessary or proper to charge. The bill of costs in the first suit must therefore be taxed at $276,89, as between the solicitor of the complainant and his client; and at $143,10 as the amount at which it would be taxable

between the complainant and the defendants if there had been a decree for costs in his favor against them, or the taxable costs as between party and party.

The first objection to the bill of costs in the second of the above entitled causes, is that retaining fees are not allowable upon a bill of revivor and supplement. Upon a mere supplemental bill, which is not a supplemental suit; against the same parties I think new retaining fees for the solicitor and counsel are not taxable. But where the suit has abated by the death of a party; and a new bill is necessary not only to revive the suit against the heirs or representatives of the decedent and to bring new interests and new matter of litigation before the court, as in this case, retaining fees ought to be allowed. But for the reasons before stated the copies of schedules to be annexed to the draft of the bill should not have been allowed. The charge for attending the vice chancellor out of term upon petition for a temporary injunction was properly allowed, as the fee bill gives to the solicitor one dollar for such service. But that charge is not taxable where the injunction is allowed by the vice chancellor in the character of an injunction master merely, and not in the discharge of his duty as the judge of the court. In this case I think the vice chancellor had no authority to allow the temporary injunction upon petition except as having authority to make the order as a court. The charge for allowing the injunction must therefore be disallowed. The charges for the several copies of the bill of revivor and supplement to be served upon the parties with notices of the motion for leave to file such bill, and for an injunction to be founded thereon, appear to have been necessary and proper according to the practice of the court in such cases. But as the notices are subsequently charged and allowed, the draft of notice and one folio in addition to each copy of the bill, should have been disallowed. The charge for draft and engrossing and copies of points for the court were properly disallowed as not required to be furnished upon special motion, by the rules and practice of the court. And for the same reason the charges for a copy of the bill of revivor and supplement for

the court upon the motion, and the four succeeding charges of the same character should also have been disallowed.

Although a copy of the supplemental bill proposed to be filed had been served upon the defendant Thompson with notice of the application for leave to file the same and for an injunction, the service of another copy of the bill upon him after it had been filed was probably necessary to prevent a dissolution of the injunction under the 35th rule of the court, and to compel the defendant to answer. The charge for such copy was therefore properly allowed upon the taxation; and the charges for the copies of papers furnished to the court upon the appeal were also proper. But the copies of points for the court and counsel were charged at fourteen cents a copy instead of seven. The taxing officer should therefore have deducted one half of the entire charge for copies. The charge for granting order for time to apply was not taxable, as no such allowance is found in the fee bill in this court. The solicitor having been allowed a gross sum for his costs in resisting a motion to vacate the order reviving the suit, which sum had been paid, the clerk's fees for marking his papers on that motion were included in that gross sum and ought not to have been allowed a second time.

The charges for solicitor and counsel attending to argue demurrer at the time at which the cause was settled, should have been disallowed; as the cause was not argued and the solicitor did not in fact attend the court. Nor were the copies of papers furnished to the counsel for the argument taxable. The party demurring was bound to furnish the necessary copies for the court, and copies of the pleadings, &c. for counsel were not taxable. Some other charges have also been allowed in this bill, which I have, in relation to the other bill, already decided to have been improperly allowed; or charged too high, and they must be corrected accordingly. The charge for filing papers on the motion to strike the answer from the files, and the three succeding charges, are embraced in the gross allowance for costs on that motion and were also for services which were done after the compromise of the suit; and must be disallowed. But as most of the services

embraced in the allowance of $15 for the costs of that motion must have occurred before the suit was settled, as much as ten dollars of that gross sum must therefore be allowed.

There does not appear to be anything in this bill which is properly taxable as between solicitor and client which is not also taxable as between party and party. After making all the proper deductions therefore this bill must be declared to be taxed between party and party at $267,46. And neither party is to have costs as against the other upon this application.

☞ The subscriber will at all times give his prompt attention to such counsel business before the Chancellor, including ex parte motions necessary to be heard in vacation, as may be sent to him. It is his intention hereafter to attend the Chancellor's regular and special terms at *Albany*, as well as the special terms held at this place. He will also attend the regular and special terms of the Vice Chancellor of the Fourth Circuit.

Papers intended to be used at any of the terms held at Albany may be sent to the care of the Register of the Court.

O. L. BARBOUR.

Saratoga Springs, May 7, 1844

---

## ALLAN MELVILLE,
### EXAMINER IN CHANCERY,
#### *NO.* 1 *NASSAU STREET*,
New=York.

---

## LATHROP EDDY,
### EXAMINER IN CHANCERY,
#### *NO.* 51 *LIBERTY STREET*,
New=York.